**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN RICHARD FRATUS, IV,

              Petitioner - Appellant,

  v.

PETERSON, Sgt.; LUNA, Officer;
HAMILTON; BEER, Officer; ADAMS,
Warden; CALIFORNIA DEPARTMENT
OF CORRECTIONS; SOLANO;
CORTEZ; ROBERTSON; MCROBERTS;
LLOREN; HAYES; PIGHTLING;
GRANNIS,

              Defendants - Appellees.

No. 13-15111

D.C. No. 1:08-cv-01500-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Roslyn O. Silver, Senior District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California inmate John Fratus ("Fratus") appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 excessive force action against prison officials. First, he claims the district court incorrectly concluded he had failed to exhaust his administrative remedies regarding a January 2007 incident. Second, with respect to the July 2006 incident that went to trial, he claims the district court abused its discretion by precluding the introduction of certain evidence. We affirm in part and remand in part.

With respect to Fratus's January 2007 claim, we note that the defendants, following existing circuit law at the time, *see Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), brought an "unenumerated §12(b)" motion to dismiss for failure to exhaust, which the district court granted without expressly addressing Fratus's claimed attempts to file grievances regarding the incident. However, earlier this year an en banc panel of this court overruled *Wyatt* and held that a failure to exhaust defense should be treated as a motion for summary judgment—not as an "unenumerated" rule—with the court viewing the evidence in the light most favorable to the nonmoving party. *Albino v. Baca*, 747 F.3d 1162, 1166, 1171–75 (9th Cir. 2014) (en banc). If there are disputed issues of material fact, then the district court should deny the summary judgment motion; however, the court may then decide the disputed factual issue upon consideration of the evidence presented (and further

2

discovery if necessary). *Id.* at 1170–71. In light of this change in law, we remand for the district court to follow the framework outlined in *Albino* in deciding the failure to exhaust issue on the 2007 claim.

With respect to the January 2006 incident that was tried to a jury, Fratus claims that the district court abused its discretion by prohibiting him from introducing evidence that his disciplinary action and loss of good time credits for head-butting Officer Hamilton had been overturned by a California Court of Appeal due to procedural defects in the disciplinary hearing. *See In re Fratus*, 204 Cal. App. 4th 1339 (2012). However, the district court properly ruled that the appellate decision was not relevant to the issues at trial, as the procedural reversal did not make it more or less likely that defendants used excessive force against Fratus, and would have created a risk of juror confusion. *See* Fed. R. Evid. 401, 403. Moreover, any exclusion was harmless because it was Fratus himself who introduced limited portions of the disciplinary hearing into evidence in order to attempt to impeach Officer Robertson with prior inconsistent statements. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). We therefore affirm the district court's evidentiary ruling and the verdict with respect to Fratus's 2006 claim.

**AFFIRMED IN PART, REMANDED IN PART.** Each party to bear its own costs on appeal.